# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUANE DIXON, | Case No. 1:09-cv-01075-DLB (PC) |
| Plaintiff, | ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER 42 U.S.C. § 1983 |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | (Doc. 1) |
| Defendants. | DISMISSAL SHALL COUNT AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(g) |

**I.     Screening Order**

Plaintiff Duane Dixon ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed his complaint on June 15, 2009.  (Doc. 1.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

## II.     Summary of Plaintiff's Complaint and Discussion

Plaintiff is currently incarcerated at Corcoran State Prison ("CSP") in Corcoran, California, where the events giving rise to this action allegedly occurred. Plaintiff names as defendants the California Department of Corrections and Rehabilitation ("CDCR") and Matthew Cate[1], secretary of CDCR.

Plaintiff styles his action as a writ of mandamus. Plaintiff alleges the following. Plaintiff had filed 602 inmate appeal at CSP on or about July 31, 2008. Plaintiff mailed his appeal to the director's level in Sacramento on or about November 6, 2008. After two inquiries by Plaintiff, Plaintiff received notice on February 26, 2009 that his inmate appeal was currently being reviewed. Since that letter, Plaintiff has received no further notice. Plaintiff seeks to coerce the CDCR to comply with its own procedures and deadlines. Plaintiff cites to Wright v. State of California, 19 Cal. Rptr. 3d 92, 97 (2004), in support of his writ of mandamus.

Plaintiff cannot state a cognizable § 1983 claim for CDCR's delay. The existence of an administrative remedy process does not create any substantive rights and cannot support a claim for relief for violation of a constitutional right. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001). Plaintiff has no due process claim under § 1983 for Defendants' alleged delay in completing the inmate grievance process. Plaintiff thus fails to state a claim against the CDCR or

---

[1] Plaintiff misspells defendant Cate's last name as "Cates."

Cate.

The Court has no jurisdiction over Plaintiff's requested relief in this action. Plaintiff seeks to compel the CDCR, which is a state agency, to comply with its own state procedures. Even if Plaintiff has stated a claim for violation of state law, the Eleventh Amendment bars suits in federal court against states on the basis of violations of state law. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 124-25 (1984); Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 973-74 (9th Cir. 2004).

### III. Conclusion and Order

Plaintiff fails to state any cognizable § 1983 claims against any defendants. Plaintiff will not be able to cure the deficiencies in his complaint even if given leave to amend. Leave to amend will thus not be granted. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Based on the foregoing, the Court HEREBY ORDERS that this action be DISMISSED with prejudice for failure to state a claim upon which relief may be granted. This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   **November 12, 2009**         /s/ Dennis L. Beck
                                      UNITED STATES MAGISTRATE JUDGE